**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-26-0000002
24-APR-2026
01:17 PM
Dkt. 25 ORD**

NO. CAAP-26-0000002

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE MATTER OF THE PHYLLIS ANN WOLF REVOCABLE LIVING TRUST, DATED JULY 9, 1999, AS AMENDED.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CTR-24-0000014)

ORDER AND ORDER DISMISSING APPEAL
(By: Leonard, Presiding Judge, Hiraoka and Gluck, JJ.)

Upon consideration of Melissa H. Lambert's (**Lambert**) March 20, 2026 Notice of Disassociation of Counsel for Respondent-Appellee Mele Jean Strickland [(**Strickland**)], Trustee for the Phyllis Ann Wolf Revocable Living Trust Dated July 9, 1999 (**Notice**), which the court construes as a motion to withdraw as counsel, under Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 50(a), Brian C. Zuanich's (**Zuanich**) April 19, 2026 Motion to Withdraw as Appellate Counsel (**Motion**), the papers in support, and the record, it appears that:

(1) Strickland is represented in this appeal by Lambert and Laya Omar Farooq Dudley (**Dudley**) of Carlsmith Ball LLP;

(2) The Notice states Dudley is no longer affiliated with Carlsmith Ball and Lambert will continue to represent Strickland;

(3) An attorney moving to withdraw as counsel of record "must show that notice of the motion was given by service upon the attorney's client."  HRAP Rule 50(a);

(4) The Notice does not specify whether Strickland was informed of the withdrawal of counsel.  Nonetheless, the court will allow Dudley to withdraw, but require Lambert to demonstrate service of the Notice upon Strickland;

(5) In the Motion, Zuanich seeks to withdraw as counsel for Petitioner-Appellant Kanani Ann Wolf, because Kanani Wolf terminated Zuanich's representation.  Zuanich states he served the Motion on Kanani Wolf by email, which is not an accepted form of service.  See HRAP Rule 25(c); Hawaiʻi Rules of Civil Procedure Rule 5(b) (incorporated into HRAP via HRAP Rule 2.1(a)).  Thus, the court will deny the Motion;

(6) The statement of jurisdiction and opening brief were due on or before March 2, 2026, and March 31, 2026, respectively;

(7) Kanani Wolf failed to file either document, or request an extension of time;

(8) On April 9, 2026, the appellate clerk entered a default notice informing Kanani Wolf's counsel that the time for filing the statement of jurisdiction and opening brief had expired, the matter would be called to the court's attention on April 20, 2026, for appropriate action, which could include dismissal of the appeal, under HRAP Rules 12.1(e) and 30, and Kanani Wolf could request relief from default by motion; and

(9) Kanani Wolf has not taken any further action in this appeal.

Therefore, IT IS HEREBY ORDERED that the Notice, construed as a motion to withdraw as counsel, is granted. Within ten days from the date of this order, Lambert shall file a declaration, affidavit, or certificate of service indicating the Notice was provided to Strickland, or that Strickland was otherwise informed of Dudley's withdrawal.

IT IS FURTHER ORDERED that the Motion is denied without prejudice.

IT IS FURTHER ORDERED that the appeal is dismissed.

DATED:  Honolulu, Hawaiʻi, April 24, 2026.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Daniel M. Gluck
Associate Judge